IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DEAN ZUBL, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 15-cv-00300-TCK-TLW |
| (1) STELLAR RECOVERY, INC., | ) |
|       Defendant. | ) <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff Dean Zubl brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violate the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### VENUE AND JURISDICTION

1. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue and personal jurisdiction in this District are proper because the Defendant's collection communications were received by Plaintiff within this District and Defendant does or transacts business within this District.

### PARTIES

3. Plaintiff, Dean Zubl ("Plaintiff"), is an individual who resides in the Northern District of Oklahoma, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Comcast consumer account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

1

4. Defendant, Stellar Recovery, Inc. ("Stellar"), is a Florida corporation with its principal place of business in Florida. It does or transacts business in Oklahoma. Its registered agent and office are Business Filings Incorporated, located at 1833 South Morgan Road, Oklahoma City, Oklahoma 73128. (Exhibit A, Record from Oklahoma Secretary of State).

5. Defendant Stellar is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant Stellar is a junk debt buyer that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which it then tries to collect through other debt collectors.

7. Defendant Stellar regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTS

8. Plaintiff incurred a debt for goods and services used for personal purposes, originally for a Comcast consumer account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

9. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

10. Comcast subsequently charged off the account.

11. Comcast ceased sending monthly statements to Plaintiff.

12. Comcast stopped charging interest on the alleged debt.

13. Stellar purportedly purchased the alleged debt after default.

14. On or about August 1, 2014, Stellar communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including an account number, the

type of loan, the alleged balance and the name of the original creditor. (Exhibit B, Excerpt of Plaintiff's TransUnion consumer credit report).

15. Stellar reported an Original Amount of $152.

16. On or about April 12, 2015, Plaintiff sent a letter to Stellar indicating that he disputed the alleged debt. (Exhibit C, Dispute Letter).

17. Stellar received Plaintiff's Letter on or about April 12, 2015.

18. On or about April 26, 2015, Stellar communicated a Past Due amount of $422, yet a Balance of $152. (Exhibit B, Excerpt of Plaintiff's TransUnion consumer credit report).

19. Either the Past Due amount of the alleged debt of $422 was false, or the Balance of the alleged debt of $152 was false; both amounts cannot be correct.

20. 15 U.S.C. §1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—
(A) the character, amount, or legal status of any debt . . .**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . .**

21. Stellar misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(8) when it communicated to TransUnion a balance which it knew or should have known to be false.

22. Plaintiff was confused, and an unsophisticated consumer would be confused, by the varying amounts as Defendant claimed due from him.

3

23. On or about April 26, 2015, Stellar failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to TransUnion regarding the alleged debt.

24. On or before April 26, 2015, Stellar knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had previously notified Stellar of that dispute by letter on April 12, 2015.

25. 15 U.S.C. §1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . .**

26. Even though Stellar knew or should have known, prior to April 26, 2015, that Plaintiff disputed owing the alleged debt, Stellar failed to thereafter communicate the fact of Plaintiff's dispute to the TransUnion credit reporting agency when it communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

27. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

28. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir.2000).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff re-alleges the paragraphs as if set forth fully in this count.

30. Stellar communicated false credit information in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(8) when it communicated balances that it knew or should have known to be false, to the TransUnion consumer reporting agency.

31. Even though Stellar knew or should have known, prior to April 26, 2015, that Plaintiff disputed owing the alleged debt, Stellar failed to thereafter communicate the fact of Plaintiff's dispute to the TransUnion credit reporting agency when it communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

32. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the Defendant Stellar for the count alleged above for:

A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591

PARAMOUNT LAW
CONSUMER PROTECTION FIRM

4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105

5

(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net

6